UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK BRIAN WARNER,

               Petitioner,

   v.

JASON BENNETT,

               Respondent.

Case No. C24-5537-RSM-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Mark Warner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Kitsap County Superior Court case number 19-1-01710-18. Dkt. 5 at 1. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting that former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial. *Id*. at 6. He seeks to have this Court determine whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody." *Id*. at 7.

//

REPORT AND RECOMMENDATION - 1

On July 11, 2024, the Court issued an Order to Show Cause as to why the Petitioner's petition should not be dismissed for failure to exhaust state court remedies. Dkt. 9. The Court noted that if Petitioner failed to timely respond to the Order, it would recommend that this matter be dismissed. To date, Petitioner has not responded to the Court's Order. The Court now recommends dismissal.

## II.  DISCUSSION

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review. Dkt. 5 at 2-7. His claim is therefore unexhausted

and not currently eligible for federal habeas review. The Court should accordingly dismiss the petition.

### III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court should find Petitioner has not met this standard and should accordingly deny Petitioner a certificate of appealability.

### IV.   CONCLUSION

Because Petitioner failed to respond to the Court's Order, Dkt. 9, and because his claims for federal habeas relief have not been properly exhausted in the state courts, the Court recommends Petitioner's habeas petition be dismissed. The Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

### V.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 3

1  motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may

2  be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be

3  ready for consideration by the District Judge on **September 26, 2024**.

4      Dated this 5th day of September, 2024.

                                                 S. KATE VAUGHAN
                                                 United States Magistrate Judge

REPORT AND RECOMMENDATION - 4